IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MYA SARAY, LLC<br><br>Plaintiff<br><br>v.<br><br>DABES, IBRAHIM dba<br>DABES EGYPTIAN IMPORTS<br><br>and<br><br>PREMIUM MOLASSES, INC.<br><br>and<br><br>SHISHA WHOLESALERS, INC.<br><br>and<br><br>WORLD SMOKE SHOP<br><br>Defendants | Docket No. 1:16CV64 LMB/IDD<br><br>CLERK US DISTRICT COURT ALEXANDRIA, VIRGINIA  2016 JAN 20 A 11: 19  FILED<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Mya Saray, LLC for its complaint against Ibrahim Dabes, Premium Molasses, Inc., Shisha Wholesalers, Inc., and World Smoke Shop avers with knowledge as to its own acts and otherwise on information and belief as follows:

### THE PARTIES

1. The Plaintiff Mya Saray, LLC ("Mya Saray") is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 6405 10th Street, Alexandria, VA.

1

2. Defendant Ibrahim Dabes, dba Dabes Egyptian Imports, ("Dabes") is a sole proprietorship, with a mailing address of Neuburger Str. 109 Augsburg; Fed Rep Germany 86167.

3. Defendant Premium Molasses, Inc. ("Premium Molasses") is an Illinois corporation, with a principal place of business at 1056 East Wilson Ave; Lombard, IL 60148. The registered agent for Premium Molasses is Luai Abuhilal accepting service at 75 Eisenhower Lane South; Lombard, IL 60148.

4. Defendant Shisha Wholesalers, Inc. ("Shisha Wholesalers") is an Illinois corporation, with a principal place of business at 75 Eisenhower Lane South; Lombard, IL 60148. The registered agent for Shisha Wholesalers is Luai Abuhilal accepting service at 75 Eisenhower Lane South; Lombard, IL 60148.

5. Defendant World Smoke Shop ("World Smoke Shop") is a California sole proprietorship doing business at 508 South Brookhurst St.; Anaheim, CA 92804.

## JURISDICTION AND VENUE

6. This civil action for unfair competition arises under the Patent laws of the United States, including 35 U.S.C. §271, the Unfair Competition laws of the United States, including 15 U.S.C. § 1125; and the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 et seq. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(b), and supplemental jurisdiction for VCPA claims pursuant to 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b). Ibrahim Dabes, Premium Molasses, Inc., Shisha Wholesalers, Inc., and World

Smoke Shop (collectively, "Defendants") are subject to personal jurisdiction in this district.

## FACTS

7. Mya Saray is a manufacturer and distributor of tobacco products, particularly hookahs and hookah accessories, and has been in existence since 1863.

8. Mya Saray sells tobacco products nationally under the federally registered trademarks MYA, Reg. No. 3,031,439 ("the '439 registration" or the "Mya Word Mark") and MYA (as stylized), Reg. No. 3,031,440 ("the '440 registration" or the "Mya Design Mark"), and Reg. No. 4,693,443 ("the '443 registration). True copies of the '439 registration and the '440 registration and the '443 registration are attached hereto as Exhibit A and Exhibit B and Exhibit C, respectively. Mya Saray owns many common law trademarks incorporating the term MYA having rights derived from the '439 and '440 registrations, including MYA (and depictions thereof) on packaging, advertisements, hookahs, etc.

9. Mya Saray is the exclusive owner of United States Patent No. 8,001,978 ("the '978 patent") with authority to enforce that patent. A true copy of the '978 patent is attached as Exhibit D.

10. Mya Saray manufactures, distributes, advertises, publicizes, sells, and offers to sell the Mya QT hookah ("QT"), depicted in Exhibit E. The QT product design ("QT Hookah") is distinctive, non-functional, and serves as a trademark. Furthermore, the QT Hookah is composed of a distinctive hookah stem design ("QT Stem") and a distinctive hookah base ("QT Base"), each separately trademarked and capable of

independently acting as an indicator of source. The base of the QT hookah is protected by U.S. Trademark Reg. No. 3,845,276 ("the '276 registration). <u>Exhibit E.</u>

11. The MYA brand is one of the most counterfeited brands in the world.

12. Dabes is a German industrialist that has been importing hookahs from third party manufacturers for resale in Europe.

13. Mya Saray first encountered Dabes on or about 2009 when Dabes requested authority to distribute Mya Saray hookahs throughout Europe.

14. In performing due diligence, Mya Saray uncovered that Dabes was involved in significant counterfeiting activities, including offering counterfeits of multiple Mya Saray hookahs. Mya Saray refused Dabes distribution rights in any territory.

15. Subsequent to Mya Saray's refusal of Dabes' attempted distribution rights, Dabes began to sell hookahs throughout Europe with the term "AMY" associated therewith. The term "AMY" was stamped upon hookahs and hookah cases, and portrayed in advertisement and sales media for Dabes' hookahs ("AMY hookahs").

16. On or about July 31, 2013 Dabes filed an application in the U.S. Patent and Trademark Office for registration of a logo comprising the term "AMY DELUXE" as a logo, U.S. App. Ser. No. 86,025,122 ("the '122 application").

17. On or about July 31, 2013 Dabes filed an application in the U.S. Patent and Trademark Office for registration of a logo comprising the term "AMY GOLD TOBACCO MOLASSES" as a logo, U.S. App. Ser. No. 86, 025,182 ("the '182 application").

18. Dabes exports into the United States its AMY hookahs to two national distributors, Premium Molasses and World Smoke Shop. Premium Molasses and Shisha Wholesalers act in unison to accept imported AMY hookahs and distribute them to retail stores throughout the United States.

19. Defendants sell, offer to sell, and use in the United States a counterfeit of Mya Saray's QT hookah that infringes Mya Saray's '978 patent rights and the '276 registration. See Exhibit F.

20. Defendants provide AMY hookahs to Internet retailers in the United States that sell and offer to sell AMY hookahs into this district via website shopping carts, including: http://5starhookah.com/AMY_c200.htm; http://www.smoking-hookah.com/hookahs; http://www.texashookah.com/hookahs.html; http://www.smokyhookah.com/hookahs.html; et. al.

21. Multiple retail stores in this district sell, offer to sell, and use AMY hookahs.

## CLAIMS FOR RELIEF

### Count I. Violation of 15 U.S.C. § 1125(a)
### Unfair Competition and Deceptive Marketing

22. Mya Saray incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

23. The conduct of Defendants constitutes use in commerce of designations and dress, false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact likely to confuse and deceive a substantial number of distributors in the trade, relevant consumers, and other purchasers as to the affiliation,

connection, or association of Defendants with Mya Saray and others, in violation of 15 U.S.C. § 1125(a)(1)(A).

24. The conduct of Defendants constitutes use in commerce of designations and dress, false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact likely to confuse and deceive a substantial number of distributors in the trade, relevant consumers, and other purchasers as to the origin, sponsorship, or approval of Defendants' goods and commercial activities as they relate to Mya Saray and others, in violation of 15 U.S.C. § 1125(a)(1)(A).

25. The conduct of Defendants constitutes use in commerce of designations and dress, false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact that in commercial advertising and promotion misrepresent the nature, characteristics, and qualities of Defendants' goods and commercial activities in violation of 15 U.S.C. § 1125(a)(1)(B).

26. The conduct of Defendants in unfairly competing with Mya Saray is willful and deliberate and done with an intent to misrepresent the nature, characteristics, and qualities of Defendants' goods, and confuse, mislead, and deceive a substantial number of distributors in the trade, relevant consumers, and other purchasers, and members of the public as to the origin of Defndants' goods and to cause said persons to believe that the goods have been sponsored, approved, authorized, or licensed by Mya Saray.

27. Defendants' conduct is causing Mya Saray immediate and irreparable injury and will continue to both damage Mya Saray and deceive the public unless enjoined by this court. Mya Saray has no adequate remedy at law.

### Count II. Violation of 15 U.S.C. § 1114
### Registered Trademark Infringement of the '439 Registration

28. Mya Saray incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

29. The conduct of Defendants in using the MYA Word Mark and colorable imitations thereof in connection with the sale, offering for sale, distribution, and advertising of tobacco products is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(a).

30. The conduct of Defendants in reproducing the MYA Word Mark and colorable imitations thereof and applying the reproduction to labels, signs, prints, packages, wrappers, receptacles or advertisements with the intent to be used in commerce with the sale, offer for sale, distribution, and advertising of tobacco products and such use is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(b).

31. Defendants' conduct is causing Mya Saray immediate and irreparable injury and will continue to both damage Mya Saray and deceive the public unless enjoined by this court. Mya Saray has no adequate remedy at law.

### Count III. Violation of 15 U.S.C. § 1114
### Registered Trademark Infringement of the '440 Registration

32. Mya Saray incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

33. The conduct of Defendants in using the MYA Design Mark and colorable imitations thereof in connection with the sale, offering for sale, distribution, and

advertising of tobacco products is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(a).

34. The conduct of Defendants in reproducing the MYA Design Mark and colorable imitations thereof and applying the reproduction to labels, signs, prints, packages, wrappers, receptacles or advertisements with the intent to be used in commerce with the sale, offer for sale, distribution, and advertising of tobacco products and such use is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(b).

35. Defendants' conduct is causing Mya Saray immediate and irreparable injury and will continue to both damage Mya Saray and deceive the public unless enjoined by this court. Mya Saray has no adequate remedy at law.

## Count IV. Violation of 15 U.S.C. § 1114
### Registered Trademark Infringement of the '276 Registration

36. Mya Saray incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

37. The conduct of Defendants in using the QT hookah product design and colorable imitations thereof in connection with the sale, offering for sale, distribution, and advertising of tobacco products is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(a).

38. The conduct of Defendants in reproducing the QT hookah product design and colorable imitations thereof and applying the reproduction to labels, signs, prints, packages, wrappers, receptacles or advertisements with the intent to be used in commerce with the sale, offer for sale, distribution, and advertising of tobacco products and such use

is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(b).

39. Defendants' conduct is causing Mya Saray immediate and irreparable injury and will continue to both damage Mya Saray and deceive the public unless enjoined by this court. Mya Saray has no adequate remedy at law.

### Count V. Violation of 15 U.S.C. § 1114
### Registered Trademark Infringement of the '443 Registration

40. Mya Saray incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

41. The conduct of Defendants in using the MYA logo of the '443 registration and colorable imitations thereof in connection with the sale, offering for sale, distribution, and advertising of tobacco products is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(a).

42. The conduct of Defendants in in using the MYA logo of the '443 registration and colorable imitations thereof and applying the reproduction to labels, signs, prints, packages, wrappers, receptacles or advertisements with the intent to be used in commerce with the sale, offer for sale, distribution, and advertising of tobacco products and such use is likely to cause confusion or mistake or to deceive in violation of 15 U.S.C. § 1114(1)(b).

43. Defendants' conduct is causing Mya Saray immediate and irreparable injury and will continue to both damage Mya Saray and deceive the public unless enjoined by this court. Mya Saray has no adequate remedy at law.

## Count V. Patent Infringement
### Infringement of the '978 Patent

44. Mya Saray incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

45. The '978 patent, which was duly and lawfully granted on August 23, 2011, describes and claims a smoking apparatus.

46. Defendants have been and are infringing, inducing infringement of, and contributing to the infringement of the '978 patent by making, using, offering for sale and/or selling, in these United States, or importing into these United States articles, including the AMY "Jinn" hookah, that read on the '978 patent claims, all without the consent of Mya Saray.

47. Mya Saray has been and will continue to be damaged by the infringing activities of Defendants and will be irreparably harmed unless those infringing activities are enjoined by this Court.

## Count VI. Violation of Va. Code § 59.1-200(A)
### The Virginia Consumer Protection Act

48. Mya Saray incorporates herein by reference all other allegations of this Complaint as though fully set forth herein.

49. Defendants are misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that the goods of Defendants are the goods of Mya Saray in violation of Va. Code § 59.1-200(A)(1).

50. Defendants are misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that the goods of Defendants are sponsored by,

approved by, or certified by Mya Saray, or that Mya Saray is a source of such goods in violation of Va. Code § 59.1-200(A)(2).

51. Defendants are misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that their goods are affiliated, connected, or associated with Mya Saray in violation of Va. Code § 59.1-200(A)(3).

52. Defendants are misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that their goods have the characteristics and benefits of the goods of Mya Saray in violation of Va. Code § 59.1-200(A)(5).

53. Defendants are misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that their goods are similar to those of Mya Saray in terms of standards, quality, grade, style, or model in violation of Va. Code Ann § 59.1-200(A)(6).

54. Defendants are violating Va. Code § 59.1-200(A)(14).

**WHEREFORE**, Plaintiff prays for judgment:

A. That Mya Saray is the owner of U.S. Patent No. 8,001,978 and has the right to sue and collect damages for any and all infringements thereof;

B That U.S. Patent No. 8,001,978 remains good and valid in law and has been infringed by Defendants;

C. That Defendants, and their officers, agents, servants, and employees and those persons in active concert and participation with or controlled by any of them, be preliminarily and permanently enjoined and restrained from infringing, inducing infringement of, and contributing to the infringement of U.S. Patent No. 8,001,978;

D. That Mya Saray is the sole and exclusive owner of the Trademarks referenced in this Complaint, including: the MYA word mark; the MYA design mark (As Stylized); the trade dress for the designs of the QT hookah base, hookah stems, and combination thereof; and that Mya Saray has the right to sue for its damages for any and all infringements thereof and trespasses thereupon;

E. That Defendants have unfairly competed with Mya Saray in violation of the unfair competition laws of Virginia and these United States, including 15 U.S.C. § 1125(a) and the Virginia Consumer Protection Act;

F. That this Court order Defendants, their agents, associates, employees, attorneys, and any other person in active concert or participation with them, be forthwith preliminarily and permanently enjoined from: using, alone or in combination, the designations MYA and MYA (As Stylized) and MYA (as portrayed in the '443 registration) and hookah products having a design confusingly similar to that of any protectable Mya Saray trade dress, including the '276 registration;

G. That Mya Saray be awarded all damages related to the unlawful actions of Defendants as characterized by this Complaint, or in the alternative statutory damages as recoverable under the U.S. Lanham Act.

H. That Defendants be required to account for and to disgorge its profits and that Mya Saray be awarded its damages and that those damages be trebled, together with interest and costs;

I. That Mya Saray be awarded its reasonable attorney's fees and costs in this action;

J. That all infringing articles and all means of making the same be delivered up and destroyed, at the costs of the Defendants;

K. That this Court order the cancellation of any trademark rights recognized by the U.S. Patent and trademark office for any name, symbol, or device utilized by Defendants confusingly similar to any protectable trademark of Mya Saray, including Dabes' U.S. Trademark Application Serial Nos. 86/025,182 and 86/025,122.

L. That Mya Saray be awarded such further relief as this Court may deem just and proper.

## JURY DEMAND

Mya Saray demands a trial by jury pursuant to Fed. R. Civ. Pro. 38 as to all issues triable of right to a jury.

DATED: January 19, 2016

By _____
M. Keith Blankenship, Esq.
Attorney for Plaintiff
VSB# 70027
Da Vinci's Notebook, LLC
10302 Bristow Center Dr
No. 52
Bristow, VA 20136
703-581-9562
keith@dnotebook.com